IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DIAS, #A0178164, ) | CIVIL NO. 09-00180 ACK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | TRANSFER ORDER |
| vs. ) | |
| ) | |
| CLAYTON FRANK, HAWAII ) | |
| DEP'T OF PUBLIC SAFETY, ) | |
| TOMMY JOHNSON, SHARI ) | |
| KIMOTO, HOWARD KOMORI, ) | |
| KAIANA HAILI, LINDA ) | |
| LINGLE, STATE OF HAWAII, ) | |
| CORRECTIONS CORPORATION ) | |
| OF AMERICA, CCA/SAGUARO ) | |
| CORRECTIONAL CENTER, ) | |
| JOHN DOES 1-10, JANE DOES ) | |
| 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**TRANSFER ORDER**

Plaintiff John Dias, a Hawaii state prisoner incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff names individuals and agencies located in Hawaii and Arizona as Defendants, including the State of

---

[1] The Hawaii Department of Public Safety ("DPS") entered into a contract with the Corrections Corporation of America ("CCA") for the confinement, custody and care of Hawaii inmates at SCC, as well as other mainland facilities, due to issues of overcrowding in Hawaii prisons.

Hawaii, the Governor of Hawaii, DPS, DPS Directors, DPS employees, CCA, and SCC (collectively, "Defendants").[2] Plaintiff alleges, *inter alia*, that Defendants violated his right to the free exercise of religion, due process, and equal protection of the law as guaranteed by the First, Sixth, Eighth, Thirteenth, Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 et seq. ("RLUIPA").[3]

For the following reasons, the court finds that venue of this action in Hawaii is improper and that transfer is in the interests of justice pursuant to 28 U.S.C. § 1406(a). Accordingly, this action is **TRANSFERRED** to the U.S. District Court for the District of Arizona.

## I.  LEGAL STANDARD

**A.      28 U.S.C. § 1391(b)**

When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1)

---

[2] While making no finding on this issue, the court notes that the State of Hawaii and DPS are immune from suit in federal court. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996); *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101-02 (1984) (Eleventh Amendment immunity extends to state agencies); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (holding that a state's department of corrections, is not considered a person under § 1983); *Flint v. Dennison,* 488 F.3d 816, 824-25 (9th Cir. 2007) (same).

[3] Plaintiff's Complaint also includes the following allegations: cruel and unusual punishment; retaliation, threats, and intimidation for pursuing Constitutional rights; denial of access to the courts and the grievance procedures of DPS; and failure of the State of Hawaii and DPS to monitor and enforce its contract with CCA.

any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, *if there is no district in which the action may otherwise be brought.* 28 U.S.C. § 1391(b) (emphasis added); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America,* 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

**B.     28 U.S.C. § 1406**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## II.  DISCUSSION

Plaintiff's Complaint states that his "claim arises out of the denial of [his] Civil Rights as a Native Hawaiian to continue his Hawaiian traditional cultural beliefs, values, religious customs, history, practices, and language" while incarcerated at SCC.[4]  (Compl. ¶ 1.)  Thus, Plaintiff's lawsuit arises from incidents

---

[4] Plaintiff states that he was incarcerated at SCC "at all relevant times of this [C]omplaint." (Compl. ¶¶ 10, 21-22.)

allegedly occurring in Arizona and consequences of actions or omissions allegedly endured by Plaintiff and other fellow Native Hawaiians incarcerated at SCC.

As noted, a case may be brought in a district where any defendant resides, if all of the defendants reside in the same state, or in a district where a substantial part of the action underlying the allegations occurred. 28 U.S.C. § 1391(b). If *neither* of these subsections can be satisfied, the action may be brought in another district where any defendant can be found. *See Lee*, 525 F. Supp. 2d at 1241, n.1. Because Defendants here appear to reside in Hawaii and Arizona, venue is determined by reference to § 1391(b)(2), where a substantial part of the events alleged took place, or failing that, to § 1391(b)(3), where any defendant can be found. Substantiality of events is measured by considering the nexus between the events and the nature of the claims; for venue to be proper under § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (discussing propriety of venue under § 1391(a)(2)). To determine substantiality, the court looks to "the entire sequence of events underlying the claim," *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001), and focuses on the defendants' (rather than the plaintiff's) actions. *See Jenkins Brick*

*Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

All of the actions that allegedly deprived Plaintiff of his constitutional rights occurred in Arizona.  It appears that the Defendants from Hawaii only alleged omissions or actions occurred *after* CCA and SCC had allegedly violated Plaintiff's rights while he was incarcerated in Arizona.  Thus, Plaintiff's claims against the Defendants from Hawaii arise from his allegations of injustices and injuries incurred in Arizona.  As such, the court finds that a substantial part of the actions or omissions alleged here occurred in Arizona, and therefore, venue is improper in the U.S. District Court for the District of Hawaii.  *See* 28 U.S.C. § 1391(b)(2).

Because venue in Hawaii is improper, the court examines whether the interests of justice require transfer rather than dismissal.  28 U.S.C. § 1406(a); *see, e.g., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).  First, Plaintiff's Complaint appears to state a claim and could have been filed in the District of Arizona.  Second, nothing suggests that Plaintiff brought this action in bad faith.  Third, Plaintiff's pro se incarcerated status militates in favor of transfer rather than dismissal of this action.  Fourth, if proven, Plaintiff's claims involve important rights under the Constitution and statutes of the United States, and should not be

5

lightly dismissed.  The interests of justice favor transfer of this case to the district where the significant events or omissions material to Plaintiff's claims occurred, witnesses may be found, there is easier access to the necessary evidence, and there is likely a local interest in Arizona in resolving Plaintiff's claims in light of the fact that many Hawaii inmates are incarcerated there.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### III.  CONCLUSION

This action is TRANSFERRED to the U.S. District Court for the District of Arizona, Phoenix Division.  The Clerk of Court is DIRECTED to close the file and send any further documents received from Plaintiff to the U.S. District Court for the District of Arizona, Phoenix Division.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 11, 2009.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Dias v. Frank, et al.,* Civ. No. 09-00180 ACK-BMK; Transfer Order/pro se attorneys/Trsfr of Venue/Dias 09cv180 ACK (trsf to AZ - improper venue)